IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FILED
U.S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 3 0 2011

JAMES W. McCORMACK CLERK
By: ~~PLAINTIFF~~
DEP CLERK

LAWRENCE MAYS, JR.

VS.    NO. 2:11 cv 244 JLH

UNITED STATES OF AMERICA                            DEFENDANT

## COMPLAINT

COMES THE PLAINTIFF, by his attorneys, Sandy S. McMath & Associates, PA, and for his cause of action against the defendant states and alleges as follows:

I.

Plaintiff is a citizen of the United States and of the State of Arkansas who at all relevant times herein was a resident prisoner at the Federal Correctional Complex (FCC Low), located in St. Francis County, AR, just east of the Marianna Cutoff from U.S. Highway 70 in western Forrest City, AR. That portion of the prison to which plaintiff is assigned is a Minimum Security Facility which houses non-violent offenders whose histories indicate that they pose little or no ("Low") risk of escape or of harm to themselves, staff or others.

This case assigned to District Judge Holmes
and to Magistrate Judge Volpe

II.

Defendant is the United States of America, hereinafter "defendant", who is the operator of the said prison.

III.

This action is brought pursuant to the Federal Tort Claims Act, 28 USC Sec. 2671, et seq. This Court has jurisdiction hereof pursuant to 28 USC Sec. 1346(b). The

negligence alleged in this Complaint occurred in St. Francis County, Arkansas, hence venue in this Division of this Court is therefore proper pursuant to 28 USC Sec. 1402(b).

IV.

Plaintiff submitted, pro se, a timely administrative claim against the U.S. Department of Justice, Bureau of Prisons, on or about March 4, 2011, proper service of which was acknowledged by a "Memorandum for Mays" transmitted by defendant's "Paralegal Specialist, South Central Region", one K. Summers, on March 23, 2011, a copy of which is attached hereto as EXHIBIT (1) and incorporated by reference herein.

V.

There having been no disposition of the claim after a lapse of more than six (6) months, the same is thus deemed denied pursuant to 28 USC sec. 2675(a) as of September 4, 2011. WHEREUPON, plaintiff's claim for relief against the United States is hereby brought under the Federal Tort Claims Act, specifically 28 USC Sec. 2401(b) and 28 USC Sec. 1346, et seq.

VI.

As an inmate of the said FCC Low, Forrest City, plaintiff from time to time was encouraged and authorized to participate in outdoor exercise and athletics superintended by the defendant's custodial officers. These activities included baseball games, during one of which, on or about April 30, 2010, plaintiff sustained a broken right leg at the ankle while sliding into home plate.

VII.

That the said injury was potentially severe was immediately and readily apparent to all involved, including plaintiff's fellow inmates and supervisory staff, including

Bureau of Prisons guards and others of defendant's personnel observing the event or who examined plaintiff afterward. Plaintiff reported throbbing, excruciating pain, attempted to walk but could only halt and stagger, and soon was unable to use his leg at all. He was taken to the defendant's FCC Low "Health Services Department", an in-house infirmary operated by BOP personnel where a male nurse named Elliott attached to plaintiff's injured limb a makeshift splint and bandage but refused to X-ray the leg or to transport plaintiff to an emergency care facility. The pain in his leg steadily increased and expanded for some four (4) weeks, during which time an infected sore developed at the contact point of the splint, necessitating daily antibacterial swabbing and cleansing. Over this time, plaintiff asked repeatedly to be seen by an orthopedic surgeon, all of which requests were denied.

VIII.

Finally on or about Friday, May 28, 2010 plaintiff was belatedly transported by prison van to the orthopedic clinic of one Bret Sokoloff, M.D., 3960 Knight Arnold Road, Memphis, TN 38118, a surgeon under contract with the defendant's prison. Dr. Sokoloff immediately X-rayed plaintiff's injured leg, discovered it broken at the ankle and scheduled him for surgery, which was carried out the following day. Dr. Sokoloff stated in the presence of plaintiff and others, including prison guards assigned to accompany him, that plaintiff was but the latest in a series of injured FCC prisoners transported for examination many days post-injury, delays which made if difficult to provide them proper care.

IX.

Defendant was negligent in the following particulars:

1. Hiring untrained and unqualified management and administrative personnel to operate its prison, in particular the FCC (Low) "Health Services Department", and failing properly to instruct and supervise those persons concerning proper responses to injured inmates, such as plaintiff, so as to reduce the hazard of their not receiving prompt and essential medical care to serious injuries such as broken limbs.

2. Failing to operate its prison and, in particular, the said "Health Services Department", in accordance with accepted standards of medical care and practice so as to provide its captive patients, for whom the said "Health Services Department" was the sole permitted provider, with safe and accurate emergent and sustaining care for their injuries or to transport them to such care in a timely and efficient manner,

3. Failing accurately and promptly to diagnose plaintiff's fracture or, in the alternative, to transport him to a nearby hospital, clinic or other provider, such as Dr. . Sokoloff in Memphis, in an orderly and timely manner following his injury where such a diagnosis could be made and proper follow-up care provided, or, in the alternative, to have the injury examined at the prison by a physician capable and competent to do so and render a diagnosis and plan of care.

4. Negligently engaging in a pattern and practice of arbitrary delay, procrastination and postponement of timely transport to essential outside care, such as that provided by Dr. Sokoloff long after the necessity of such transport had become apparent and its urgency clear, thus stymieing and hindering such physicians in their ability to provide proper care by substantially reducing its chances of success, such as occurred by the almost four (4) week delay in transporting plaintiff for examination by Dr. Sokoloff in spite of his repeated requests, thereby resulting in the exacerbation of his injury.

5. Failing to adopt and publish for its administrators and nurses and other health services personnel and their supervisors clear policies and procedures for dealing with first response and emergent care of injuries such as that sustained by plaihtiff so as to increase the likelihood that such patients are properly diagnosed and treated.

6. Failing properly to supervise the training and enforcement of its policies, practices and procedures so as to assure that all care personnel and prison administrative staff are familiar with proper emergent diagnosis, treatment and/or transport.

7. Intentionally delaying the provision of necessary medical care to patient inmates, such as plaintiff, in his case for almost a month, thereby substantially increasing the hazard of permanent injury and otherwise avoidable or ameliorable harm such as that which resulted to plaintiff.

8. Causing and/or permitting plaintiff's broken leg to be fitted with an improvised splint by an unqualified and/or untrained employee in such a manner that plaintiff's injury was aggravated and became septic, eventually requiring corrective cast replacement and additional care.

X.

Such actions, which the defendant and its subalterns knew, or upon the exercise of reasonable diligence should have known, would result in the exacerbation of plaintiff's injuries as alleged, constituted deviations from the standard of medical practice in this community or in similar communities, constituting thereby medical negligence or malpractice, the said fault being imputable to the defendant both directly and by *respondeat superior.*

XI.

At all relevant times herein, the staff and personnel of FCC-Low Forrest City were employees, agents and/or servants of the defendant and were acting within the course and scope of their employment and/or agency and pursuant to defendant's instructions, control and supervision, for all of whose actions the defendant is responsible in tort to plaintiff, both directly and *respondeat superior*

XII.

As a direct and proximate result of the negligence of the defendant and its employees, agents and servants, *respondeat superior* and of defendant's failure properly to hire, train, instruct and supervise prison personnel as set forth herein, plaintiff has sustained a permanent and pronounced disfigurement of his leg at the right ankle some two (2") inches in circumference greater than that of his left limb at that anatomical point, has been impaired in his ability to stand and/or walk at distance for sustained periods without incurring stabs of debilitating pain reaching well into his thigh, has been rendered unable to participate in extended play, athletics and exercises in which he formerly excelled or to perform the arduous repetitive lifting, carrying, stacking and reloading required by his trade as an appliance and bulk product jobber-driver, will incur future medical expenses in his care and treatment, and has sustained hedonic damage to his quality of life, for all of which he prays damages in an amount fully and fairly to compensate him up to and including the sum of three million, five hundred thousand

dollars ($3,500,000.00), for his costs herein and for all other appropriate relief to which he shall be entitled.

> Sandy S. McMath, PA
> 711 West 3d Street
> Little Rock, AR 72201
> 501-396-5414
> sandymcmath@aol.com
>
> BY _____
> SANDY S. MCMATH
> AR BAR NO. 66049

## CERTIFICATE OF SERVICE

     Pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure, a file-marked copy hereof and a duly executed Summons, are being served this 30th day of December 2011 by Certified United States Mail, Return Receipt Requested, upon the following: Honorable Eric Holder, Attorney General of the United States, 5137 Robert F. Kennedy Building, 10th Street & Constitution Avenue NW, Washington, DC 20530; Honorable Christopher R. Thyer, United States Attorney, Eastern District of Arkansas, P.O. Box 1229, Little Rock, AR 72203, Ms. Jeffifer Niemeyer, Civil Process Clerk; U.S. Attorney's Office, E.D. AR, P.O. Box 1229, Little Rock, AR 72203; Honorable Charles S. Samuels, Jr., Director, United States Bureau of Prisons, 320 First Street NW, Washington D.C. 20534; and the Honorable Kathleen Kenney, General Counsel, United States Bureau of Prisons, 320 First Street NW, Washington D.C. 20534.

     _____
SANDY S. MCMATH